IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS NORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 6776 |
| | ) | |
| vs. | ) | Judge Guzman |
| | ) | |
| CITY OF CHICAGO, a municipal corporation, JAN ARNOLD, in her official and individual capacity; and the DEPARTMENT OF AVIATION, | ) ) ) ) | Magistrate Judge Ashman |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants City of Chicago (the "City") and Jan Arnold ("Arnold")[1], through their attorney Mara S. Georges, Corporation Counsel of the City, pursuant to Federal Rule of Civil Procedure 12(b)(6), submit the following memorandum in support of their motion to dismiss the complaint filed by plaintiff Thomas Norris ("Norris").

**INTRODUCTION**

Norris is a Safety Specialist III employed by the City's Department of Aviation (the "Department"). He brings a seven-count complaint against the City, Arnold, and the Department. The crux of Norris's complaint is that the defendants violated federal and state laws by failing to promote him to the position of Safety Director at the City's Midway Airport. See generally Complaint at ¶¶ 20-65. Count I alleges deprivation of due process in violation of 42 U.S.C. § 1983, see id. at ¶¶ 66-70; Counts II and III allege defamation, id. at ¶¶ 71-84; Count IV alleges intentional infliction of emotional distress, id. at ¶¶ 85-90; Count V alleges retaliation in violation of the Illinois Whistleblower Act, id. at ¶¶ 91-97; Count VI (mislabeled as "Count V") seeks damages against the City under the theory of indemnification, id. at ¶¶ 98-100; and Count VII (mislabeled as "Count VIII") seeks damages against the City under the theory of respondeat

---

[1] The City and Arnold will collectively be referred to as "the defendants."

superior, id. at ¶¶ 101-03.[2]  Norris seeks, among other things, punitive damages against the City.[3]

## ARGUMENT

A motion to dismiss should be granted if the complaint fails to state a claim that entitles plaintiff to relief.  Corcoran v. Chicago Park Dist., 875 F.2d 609, 611 (7th Cir. 1989). When considering a Rule 12(b)(6) motion, the court must assume all well-pleaded allegations in the complaint are true and must construe them in a light most favorable to the plaintiff.  Alexander v. City of Chicago, 994 F.2d 333, 335 (7th Cir. 1993).  The court is not, however, "obliged to accept as true legal conclusions or unsupported conclusions of fact." Hickey v. O'Bannon, 287 F.3d 656, 658 (7th Cir. 2002).  Moreover, the court is not required to "ignore any facts set forth in the complaint that undermine the plaintiff's claim." LeBlang Motors, Ltd. v. Subaru of Am., Inc., 148 F.3d 680, 690 (7th Cir. 1998) (citations omitted).

Under this standard, Norris's complaint should be dismissed in its entirety pursuant to Rule 12(b)(6).  As an initial matter, certain aspects of the complaint may readily be dismissed at the outset.  The request for punitive damages against the City should be denied because such damages are not available against the City; the Department should be dismissed as a defendant because it is not a suable entity; and the official capacity claims against Arnold should be dismissed because they are duplicative given that the City is a named defendant.  Norris's section 1983 and state law allegations should be dismissed because they do not state claims upon which relief can be granted.  We address each point in turn below.

---

[2]  The two counts following Count V are improperly labeled in the Complaint as Counts V and VIII.  In order to avoid confusion, we refer to those counts in proper numerical order as Count VI and Count VII, respectively.

[3]  Although the complaint states that "[t]his cause is also brought pursuant to the case Shakman v. Democratic Organization of Cook County, et al. case # 69 C 2145," Complaint at ¶ 6, none of the claims in the complaint alleges a Shakman violation.  Instead, the allegations are confined to claims of section 1983 and state law violations.

**I.     THE COURT SHOULD DISMISS NORRIS'S REQUEST FOR PUNITIVE DAMAGES AGAINST THE CITY, ALL CLAIMS AGAINST THE DEPARTMENT, AND OFFICIAL CAPACITY CLAIMS AGAINST ARNOLD**

**A.     The City Is Not Liable For Punitive Damages.**

In Counts II through IV Norris seeks punitive damages.  See Complaint at Counts II-IV. Such damages are not available against the City.  Section 2-102 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") provides in relevant part:

> Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party.

745 ILCS 10/2-102 (2004).  As this provision makes clear, municipalities are immune from punitive damages imposed under state laws, just as they are immune from punitive damages imposed under civil rights laws, see, e.g., City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).  Therefore, Norris's request for punitive damages against the City should be stricken.

**B.     The Department Is Not A Suable Entity.**

The Department is not a proper defendant because it does not exist separately from the City and is not a suable entity.  McCraven v. City of Chicago, 18 F. Supp.2d 877, 881 (N.D. Ill. 1998) (holding that a City department is not subject to suit because it has no separate legal existence apart from the City). See also Bonilla v. City Council of City of Chicago, 809 F. Supp. 590, 601 (N.D. Ill. 1992) (Chicago Police Department is "non-suable"); Dr. Martin Luther King, Jr. Movement, Inc. v. City of Chicago, 435 F. Supp. 1289, 1294 (N.D. Ill. 1977) (Chicago Department of Streets and Sanitation cannot be sued).  Accordingly, the Department should be dismissed as a defendant from this case.

**C.     The Claims Against Arnold In Her Official Capacity Are Redundant.**

An official capacity suit is the same as a suit against the entity of which the employee is an agent.  See, e.g., DeGenova v. Sheriff of Dupage County, 209 F.3d 973, 974 n.1 (7th Cir. 2000); Jungels v. Pierce, 825 F.2d 1127, 1129 (7th Cir. 1987).  Thus, a suit against a City official in his official capacity is treated as a suit against the City and should be dismissed as redundant. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (claim against individual in his official capacity should be dismissed as redundant where the City is a party).

Norris sues Arnold in her official capacity as well as in her individual capacity. Because Norris has also named the City as a defendant, the official capacity claims against Arnold are redundant and should be dismissed.

## II. THE COURT SHOULD DISMISS NORRIS'S DUE PROCESS CLAIM

In Count I, Norris asserts a cause of action grounded in procedural and substantive due process against the both the City and Arnold. See Complaint at ¶ 66 (alleging denial of both substantive and procedural due process rights). Norris claims that he "was denied due process as he was not allowed to be promoted and subsequently not allowed an interview for the position of Safety Director." Id. at ¶ 67. He alleges that he "has a property interest in his position as Safety Director III [sic] and a liberty interest in his reputation." Id.

Norris's due process claims have no merit. The Due Process Clause of the Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. In order to assert a violation of due process, "a plaintiff must be able to show that 1) he or she had a 'property interest' and 2) that he or she was deprived of this interest without due process of law." Phelan v. City of Chicago, 347 F.3d 679, 681 (7th Cir. 2003) (citing Bishop v. Wood, 426 U.S. 341, 343 (1976)). Accord, e.g., Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982); Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996). Norris's due process claims rest on his misguided belief that he has a property interest in being promoted to Safety Director and a liberty interest in his reputation. See Complaint at ¶ 67. He has neither. Thus, he cannot even meet the threshold requirement for asserting a due process claim. Moreover, even if Norris could show the existence of a property or liberty interest, he would not prevail because he cannot show any deprivation without due process of the law. Beyond that, his due process claims fail against the City because Norris has not alleged an unconstitutional municipal policy, practice, or custom; and they fail against Arnold because, as a public official, she is entitled to qualified immunity.

### A.    Norris Does Not Have A Property Interest In Promotion.

Property interests are not created by the Constitution itself. See, e.g., Cleveland Board of Education v. Loudermill, 470 U.S. 532, 538 (1985). "Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." Board of Regents v. Roth, 408 U.S. 564, 577 (1972). In particular, a litigant

must identify "rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing." Perry v. Sindermann, 408 U.S. 593, 601 (1972). The Seventh Circuit has made clear that "a property interest is not constitutionally cognizable unless a person has a legitimate claim of entitlement to the benefit," and a "unilateral expectation of the benefit" simply will not suffice to create a property interest. Buttitta v. City of Chicago, 9 F.3d 1198, 1202 (1993) (internal quotation marks and citation omitted). Accord, e.g., Bigby v. City of Chicago, 766 F.2d 1053, 1056-57 (7th Cir. 1985), cert. denied, 474 U.S. 1056 (1986).

Consistent with this principle, a number of cases hold that there is no property interest in a promotion. See, e.g., United States v. City of Chicago, 869 F.2d 1033, 1036-39 (7th Cir. 1989) (no property interest in promotion because Illinois law does not create such an entitlement); Thomas v. Board of Examiners, 866 F.2d 225, 227 (7th Cir. 1989) (per curiam) ("Thomas clearly has no property entitlement to the promotion"); Bigby, 766 F.2d at 1057 (police sergeants have no property interest in being promoted to lieutenants). As the court in Bigby explained:

> Promotion to lieutenant's rank is not a matter of right and is not governed by fixed rules which if complied with automatically entitle the applicant to promotion. "To have a property interest . . . a person . . . must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."

766 F.3d at 1057 (quoting Roth, 408 U.S. at 577) (ellipses and emphasis in original).

Thus, contrary to Norris's allegation, see Complaint at ¶ 68, he has no property interest in a promotion.

### B. Norris Does Not Have A Liberty Interest In His Reputation.

Reputation is not "property" or "liberty" within the meaning of the due process clause. See, e.g., Paul v. Davis, 424 U.S. 693, 711-12 (1976); Flynn v. Sandahl, 58 F.3d 283, 289 (7th Cir. 1995); Colaizzi v. Walker, 812 F.2d 304, 307 (7th Cir. 1987). And while there exists a claim based on deprivation of a liberty interest in post-employment reputation, see Olivieri v. City of Chicago, 122 F.3d 406, 408 (7th Cir. 1997), Norris does not allege such a claim. Indeed, he would be hard pressed to make a claim based on post-employment reputation given that he is

still employed by the City as a Safety Specialist III.  See Complaint at ¶ 2.[4]  In short, the facts in Norris's complaint do not reach the threshold necessary to implicate a liberty interest.

        **C.**      **Norris Has Failed To Allege A Denial Of Procedural Due Process.**

In any event, even if Norris were able to show that he was deprived of a property or liberty interest (which he cannot do), his due process claim would fail because he cannot show that he was deprived without due process.  In procedural due process claims, "the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law."  Zinermon v. Burch, 494 U.S. 113, 125 (1990) (emphasis in original).  Accord, e.g., Wallace v. Tilley, 41 F.3d 296, 299 (7th Cir. 1994).  Thus, even when there is a deprivation of property, there is no violation of procedural due process actionable under Section 1983 unless and until the government fails to provide the due process.  See Burch, 494 U.S. at 126.  "Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the [government] provided, and whether it was constitutionally adequate."  Id.

A long line of cases has firmly settled that deprivations of property resulting from "random and unauthorized" acts of state employees do not constitute a violation of the procedural requirements of the Fourteenth Amendment as long as meaningful postdeprivation remedy is available.  Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 541 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); New Burnham Prairie Homes v. Village of Burnham, 910 F.2d 1474, 1480 (7th Cir. 1990).  To hold otherwise, "would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States."  Parratt, 451 U.S. at 544 (citations and quotation marks omitted).

In this case, Norris's allegations show that the deprivation he complains of occurred, if at all, as the result of "random and unauthorized" acts.  Norris does not claim that the alleged denial

---

[4] In order to assert a deprivation of liberty interest in post-employment reputation, a plaintiff must show that "(1) he was stigmatized by the defendant's conduct, (2) the stigmatizing information was publicly disclosed, and (3) he suffered a tangible loss of other employment opportunities as a result of public disclosure."  Johnson v. Martin, 943 F.2d 15, 16 (7th Cir. 1991).  Accord Harris v. City of Auburn, 27 F.3d 1284, 1286 (7th Cir. 1994); McMath v. City of Gary, 976 F.2d 1026, 1031 (7th Cir. 1992).

of his promotion was a result of established City policy or procedures. In fact, he claims that it was the result of City officials "deliberately fabricat[ing] false statements." Complaint at ¶ 66. Norris was entitled only to postdeprivation remedies for such random and unauthorized acts. State law provides adequate postdeprivation remedy for such acts and thus provided Norris all the process that was due.[5]

### D. Norris Has Failed To Allege A Denial Of Substantive Due Process.

Norris also brings a claim for denial of substantive due process. See Complaint at ¶ 66. The United States Supreme Court has made clear that substantive due process is a narrow concept. Only when governmental action is utterly unrelated to any legitimate governmental interest can it be condemned as a violation of substantive due process; it must be "arbitrary, or conscience-shocking, in a constitutional sense." Collins v. City of Harker Heights, 503 U.S. 115, 128 (1992). Accord National Paint & Coatings Association v. City of Chicago, 45 F.3d 1124, 1129 (7th Cir.) ("laws supported by a rational basis are within the power of the elected branches of government," and only those that affect "fundamental rights" come within the purview of substantive due process), cert. denied, 515 U.S. 1143 (1995). To ensure that substantive due process adheres to its modest confines, the Seventh Circuit has held that complaints about the deprivation of a state-created property interest are actionable as a denial of substantive due process only if the plaintiff can show: (1) that the government's decision was arbitrary and irrational, and (2) that an additional constitutional violation occurred or that available state remedies were inadequate. See, e.g., Doherty, 75 F.3d at 325.

In this case, Norris's allegation that he was denied promotion surely cannot be characterized as arbitrary or conscious-shocking in the constitutional sense. Moreover, Norris has failed to allege inadequacy of available state remedies or that he has any additional constitutional claims.

### E. Norris Has Failed To Allege A Municipal Policy, Practice, Or Custom.

Norris's section 1983 claim against the City fails for another, equally compelling reason. In order to hold a municipality liable under section 1983, a plaintiff must show that a municipal

---

[5] For example, Norris could bring suit for fraud or misrepresentation in state court if he believed that the denial of his promotion was a result of false statements.

policy, practice, or custom caused a violation of his constitutional rights. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Even then, a municipality is liable only when "deliberate action attributable to the municipality directly caused a deprivation of federal rights," Board of County Commissioners v. Brown, 520 U.S. 397, 415 (1997) (emphasis in original), and the official policy is the "moving force of the constitutional violation," Monell, 436 U.S. at 694. Thus, the threshold question is "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989).

A plaintiff may show municipal policy in three ways: (1) "an express policy that, when enforced, causes a constitutional deprivation"; (2) "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law"; and (3) when "the constitutional injury was caused by a person with final policymaking authority." Abbott v. Village of Winthrop Harbor, 205 F.3d 976, 981 (7th Cir. 2000) (citation and internal quotation marks omitted).

In this case, Norris does not allege that the City has an express policy or a widespread practice of failing to promote people for unlawful reasons. Indeed, he would be hard pressed to do so because there clearly is no such policy or practice. Nor can he show that his civil rights were violated by a person with final policymaking authority. The question whether an official is vested with final policymaking authority is governed by applicable state law. See, e.g., McMillian v. Monroe County, 520 U.S. 781, 786 (1997). Under state and local law, the City Council is the body authorized "to establish employment policy with regard to City personnel." Auriemma v. City of Chicago, 747 F. Supp. 465, 470 (N.D. Ill. 1990), aff'd, 957 F.2d 397 (7th Cir.1992). Here, even if denial of promotion to Norris were unlawful, he has not shown that the decision was made by a final policymaker. Accordingly, Norris's section 1983 claims against the City must be dismissed for this reason as well.

**F.      Arnold Is Entitled To Qualified Immunity For Norris's Due Process Claims.**

Norris's constitutional claim against Arnold fails because she is entitled to qualified immunity. A public official is immune from liability if the constitutional right that he or she is accused of having violated was not clearly established on the date of the alleged violation. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Colaizzi, 812 F.2d at 306. Thus, even if Norris

had alleged a violation of due process, Arnold would be entitled to qualified immunity unless it was apparent at the time Norris was denied promotion that her actions violated clearly established law. "[T]he test for immunity should be whether the law was clear in relation to the specific facts confronting the public official when he acted." Id. at 308. It is the plaintiff's burden to show that closely analogous cases, decided before the defendant acted or failed to act, clearly established that his actions were unconstitutional. See Donovan v. City of Milwaukee, 17 F.3d 944, 951 (7th Cir. 1994); Warlick v. Cross, 969 F.2d 303, 309 (7th Cir. 1992). In this case, Norris cannot point to any authority to show that denying him a promotion to Safety Director violated clearly established law. Accordingly, the due process claim against Arnold should be dismissed on this ground as well.

In short, Norris's section 1983 claims fail at the most basic level -- he has no property or liberty interest in promotion and, in any event, he was not denied due process. Beyond that, he cannot prevail against the City because he has not alleged his claimed injuries were caused by a municipal policy, custom, or practice; he cannot prevail against Arnold because she is entitled to qualified immunity.

### III.    THE COURT SHOULD DISMISS NORRIS'S DEFAMATION CLAIMS

Counts II and III allege a claim for defamation against the City and Arnold. See Complaint at ¶¶ 71-84. These claims, like Norris's due process claims, should be dismissed for a number of reasons.

#### A.    The Defendants Are Entitled To Immunity Against Defamation Claims.

The City as well as Arnold are entitled to immunity from liability for Norris's defamation claims. The claim against the City is easily dispatched. The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") provides:

> A local public entity is not liable for injury caused by any action of its employees that is libelous or slanderous or for the provision of information either orally, in writing, by computer or any other electronic transmission, or in a book or other form of library material.

745 ILCS 10/2-107 (2004). As this provision makes abundantly clear, local public entities are statutorily immune from liability for defamation. See, e.g., Horwitz v. Board of Education of Avoca School District, 260 F.3d 602, 617 (7th Cir. 2001). The City is a local public entity, see 745 IlCS 10/1-206 (2004), and therefore is immune under the Illinois Tort Immunity Act.

9

Arnold is similarly immune.  Under Illinois law, public officials are entitled to absolute immunity from defamation suits for making statements which are legitimately related to matters committed to their responsibility.  See Blair v. Walker, 349 N.E.2d 385, 387-89 (Ill. 1976) (relying on Barr v. Matteo, 360 U.S. 564, 571 (1959)).  See also, e.g., Horwitz, 260 F.3d at 617-18 (citing Blair and holding that under Illinois law individual defendants had immunity for allegedly defamatory statements made within scope of their authority); Klug v. Chicago School Reform Board of Trustees, 197 F.3d 853, 861 (7th Cir. 1999) (to same effect).  Norris's complaint alleges that Arnold marked his "2006 promotional file in such a manner as to misstate his qualifications for the position of Safety Director."  Complaint at ¶ 81.  This allegation clearly shows that Arnold was acting in her official capacity as Chief Administrative Officer.  Accordingly, she is entitled to absolute immunity against Norris's defamation claim.

### B. Norris's Defamation Claim Is Time Barred.

Illinois has a one-year statute of limitations for asserting defamation and invasion of privacy.  It provides: "Actions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued."  735 ILCS 5/13-201 (2004).  See also Dornhecker v. Ameritech Corp., 99 F. Supp.2d 918, 932 (N.D. Ill. 2000).  In Illinois, a cause of action for defamation accrues at the time the plaintiff knows or should have known of the allegedly defamatory statement.  See id. at 932.  In this case, Norris alleges that the City defamed him by placing his name on a "clout list," which was published on June 6, 2006.  Complaint at ¶¶ 53, 73-75.  He also alleges that Arnold defamed him by marking his "2006 promotional file in such a manner as to misstate his qualifications for the position of Safety Director."  Complaint at ¶ 81.  According to Norris, he learned of this alleged misstatement on August 28, 2006.  Id. at ¶ 43. Yet, he did not file his lawsuit until December 3, 2007, well after the one-year statute of limitations had expired.

The defamation claim against the City is time barred for another reason.  The Tort Immunity Act provides:

> No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued.  For purposes of this Article, the term "civil action" includes any action, whether based upon the common law or statutes or Constitution of this State.

745 ILCS 10/8-101(a) (2004).

As this provision makes clear, the Tort Immunity Act's one-year statute of limitations applies to all civil actions, including common law actions for defamation. Norris's defamation suit against the City is time barred under this provision as well.

### C.   Norris Has Failed To Allege A Substantive Claim Of Defamation Per Se.

Norris alleges that the defendants's alleged statements constitute defamation per se. Complaint at ¶¶ 79, 84. Under Illinois law, words are defamatory per se if they are "so obviously and naturally hurtful to the person aggrieved that proof of their injurious character can be, and is, dispensed with." King v. Armstrong, 623 F. Supp. 487, 490 (N.D. Ill. 1985).

Norris cannot maintain an action for defamation per se. His allegations that the City placed his name on a "clout list," and Arnold misstated his qualifications in his "2006 promotional file," Complaint at ¶¶ 53, 73, 81, simply do not rise to the level of statements that are so "obviously and naturally hurtful that proof of their injurious character can be dispensed with."

## IV.   THE COURT SHOULD DISMISS NORRIS'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM

In Count IV, Norris brings a claim of intentional infliction of emotional distress ("IIED") against the defendants. See Complaint at ¶¶ 85-90. This claim, like Norris's other claims, fails. With respect to the City, this claim is time barred. In addition, Norris has not alleged a cause of action for IIED under Illinois law.

### A.   Norris's IIED Claim Against The City Is Time Barred.

As we explain in Part III. B above, the Tort Immunity Act's one-year statute of limitations, which applies to all civil actions against municipalities, provides that all such actions be "commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101(a) (2004). In Illinois, IIED is considered a tort that accrues "at the time the last injurious act occurs or the conduct is abated." Feltmeier v. Feltmeier, 798 N.E.2d 75, 89 (Ill. 2003).

In this case, it is evident that Norris's IIED claim against the City is time barred by the Tort Immunity Act. Norris's allegations show that his cause of action for IIED accrued no later than August 28, 2006, when he learned that Arnold allegedly had made false statements about him. See Complaint at ¶ 43. See also id. at ¶¶ 53-58. But he did not file suit until December 3, 2007, more than one year later. Accordingly, his IIED claim is untimely and should be dismissed with prejudice.

11

### B.    Norris Has Failed To Allege A Claim Of IIED.

To establish a cause of action for IIED under Illinois law, the plaintiff must prove that: (1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended that his conduct should inflict severe emotional distress, or knew that there was a high probability of that happening; and (3) the defendant's conduct did, in fact, cause severe emotional distress. See, e.g., Strasburger v. Board of Education, 143 F.3d 351, 358-59 (7th Cir. 1998) (citing Illinois cases). Whether conduct is deemed "extreme and outrageous" is evaluated objectively. See Reilly v. Wyeth, 876 N.E.2d 740, 755 (Ill. App. 2007). The nature of the conduct "must be so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in civilized community." Id. (internal quotation marks and citation omitted). Extreme and outrageous conduct is one of the hallmarks of the tort of IIED, and courts frequently grant motions to dismiss where the plaintiff has failed, as matter of law, to show that the conduct reached that level. See, e.g., Strasburger, 143 F.3d at 359 (affirming district court's dismissal of IIED claim because the conduct complained of was not so outrageous as the Illinois tort contemplates).

In this case, as a matter of law, the conduct Norris complains about does not rise to the level of "extreme and outrageous" required for IIED. Norris's claims that the City placed him on a "clout list" and Arnold misstated his qualifications in his "2006 promotional file," Complaint at ¶¶ 53, 73, 81, do not amount to conduct that is beyond all possible bounds of decency. Accordingly, this claim should be dismissed.

## V.    THE COURT SHOULD DISMISS NORRIS'S CLAIM UNDER THE WHISTLEBLOWER ACT

### A.    Norris Has Failed To State A Claim Under The Whistleblower Act.

The Whistleblower Act expressly prohibits only "employers" from retaliating against employees. The relevant provision provides

> An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation.

740 ILCS 174/15 (2004) (emphasis added). Section 5 of the statute provides a specific definition of an employer.

> As used in this Act:
> "Employer" means: an individual, sole proprietorship, partnership, firm, corporation, association, and any other entity that has one or more employees in

this State, except that "employer" does not include any governmental entity. 740 ILCS 174/5 (2004) (emphasis added). It is evident from this definition that neither the City nor Arnold is an employer within the meaning of the Whistleblower Act. Thus, Norris's claims under the Whistleblower Act against the defendants should be dismissed as a matter of law.

### B.  Norris's Claim Against The City Is Time Barred.

In any event, as explained in Part II. C above, the Tort Immunity Act's one-year statute of limitations applies to all civil actions, including "any action, whether based upon the common law or statues or Constitution of this State." 745 ILCS 10/8-101(a) (2004). A number of courts expressly have held that claims filed under the Whistleblower Act against municipal entities are untimely if not filed within the one-year period. See, e.g., Hartman v. Lisle Park District, 158 F. Supp.2d 869, 877 (N.D. Ill. 2001); Padilla v. County of Cook, 100 F. Supp.2d 1145, 1147 (N.D. Ill. 2000) (citing Illinois cases).[6] Norris alleges that as a result of his complaint to "the Office of the Shakman Decree Monitor on August 24, 2006," Complaint at ¶ 93, defendants retaliated against him "by attempting to keep him from interviewing from [sic] the position of Safety Director at Midway Airport," id. at ¶ 95. Because Norris learned of this alleged attempt no later than September 20, 2006, id. at ¶ 47, his complaint, filed on December 3, 2007, is untimely.[7] Accordingly, this claim should be dismissed.

## VI.   NORRIS IS NOT ENTITLED TO INDEMNIFICATION FROM THE CITY.

In Count VI (mislabeled as "Count V"), Norris demands that the City indemnify Arnold for any settlement of judgment against her. See Complaint at ¶¶ 98-100. Pursuant to section 2-302 of the Tort Immunity Act, a municipality may elect to indemnify an employee for the cost of defending against an action for acts or omissions occurring within the scope of his employment. See 745 ILCS 10/2-302 (2004).[8] This provision, however, does not "mandate[] a municipality to indemnify or defend." Board of Trustees, Village of Bolingbrook Police Pension Fund v. Underwood, Neuhaus & Company, Inc., 742 F. Supp. 984, 987 (N.D. Ill. 1990). Indeed, as the

---

[6] Section 2-101 of the Tort Immunity Act provides that it does not affect the liability of public entities under certain listed statutes. See 745 ILCS 10/2-101 (2004). The Whistleblower Act, however, is not one of those statutes. See id.; see also Hartman, 158 F. Supp.2d at 878.

[7] Moreover, Norris concedes that he did, in fact, "receive[] an interview." Complaint at ¶ 50. Thus, he clearly was not denied an interview – the injury he complains of in Count V.

[8] The citation provided by Norris, see Complaint at ¶ 99, is incorrect.

13

Illinois Supreme Court has made clear, "except in very unusual circumstances affecting the public interest, the legislative use of the work 'may' is permissive rather than mandatory." In re Marriage of Freeman, 478 N.E.2d 326, 329 (Ill. 1985). Norris does not, and cannot, allege any unusual circumstances affecting the public interest. Accordingly, the effect of the Tort Immunity Act is merely to authorize the City to indemnify Arnold if the City finds indemnification appropriate. Norris has no right to the indemnification.

**VII.   NORRIS'S RESPONDEAT SUPERIOR CLAIM SHOULD BE DISMISSED.**

In Count VII (mislabeled as "Count VIII"), Norris seeks to hold the City vicariously liable for Arnold's alleged state law violations under the theory of respondeat superior. See Complaint at ¶¶ 101-03. The Tort Immunity Act provides: "A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109 (2004).

As we explain above, Arnold is not liable for violations of any state law. Accordingly, Norris cannot hold the City liable based on respondeat superior.

## CONCLUSION

For the reasons stated above, Defendants City of Chicago and Jan Arnold respectfully request that the court grant their motion to dismiss the Norris's complaint with prejudice in its entirety.

                                                         Respectfully submitted,

                                                         MARA S. GEORGES
                                                         Corporation Counsel
                                                         of the City of Chicago

                                  BY:  s/ Meera Werth
                                                      MEERA WERTH
                                                      ASHLEY KOSZTYA
                                                      Assistants Corporation Counsel

30 North LaSalle Street
Room 1020
Chicago, Illinois  60602
312-742-7035/744-6922

## CERTIFICATE OF SERVICE

      I certify that on March 10, 2008, I served a true and correct copy of the Memorandum of the City of Chicago and Jan Arnold in Support of Motion to Dismiss Plaintiff's Complaint via electronic filing on the person named below.

                                                    s/Meera Werth
                                                    Meera Werth

Person served:

Martin M. Stack
100 West Monroe
Suite 1612
Chicago, Illinois 60603