UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS NORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 6776 |
| vs. | ) | |
| | ) | Judge Guzman |
| CITY OF CHICAGO, | ) | |
| | ) | Magistrate Judge Ashman |
| Defendant. | ) | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant City of Chicago ("the City"), by its attorney, Corporation Counsel Mara S. Georges, submits the following reply memorandum in further support of its Motion to Dismiss Plaintiff's First Amended Complaint.

**INTRODUCTION**

In its initial moving papers, the City showed that plaintiff's First Amended Complaint should be dismissed. Plaintiff has failed to state a due process claim pursuant to 42 U.S.C. § 1983 because (1) he has no property interest in a promotion; (2) he has not been denied occupational liberty; and (3) he has not alleged that his purported injury was caused by an unconstitutional municipal policy, practice or custom. Plaintiff's Shakman action is time-barred by the 180-day statute of limitations. Plaintiff fails to state a claim for violation of the Illinois Whistleblower Act because government entities were expressly excluded from coverage at the time of the alleged wrongdoing. As discussed below, plaintiff's response memorandum fails to refute this showing. Accordingly, plaintiff's First Amended Complaint should be dismissed with prejudice.

**ARGUMENT**

I.  **PLAINTIFF HAS FAILED TO STATE A DUE PROCESS CLAIM**

   A.  **Plaintiff Does Not Have A Property Right To A Promotion.**

Property rights are created by state law, ordinances or mutually explicit understandings. Perry v. Sindermann, 408 U.S. 593, 601 (1972); Board of Regents v. Roth, 408 U.S. 564, 577 (1972). Plaintiff does not dispute this. To have a property right, a plaintiff must have more than a unilateral expectation. Instead, he must have a legitimate claim of entitlement so that the benefit is securely and durably his. Bigby v. City of Chicago, 766 F.2d 1053, 1056-57 (7th Cir. 1985), cert. denied sub nom. Thoele v. City of Chicago, 474 U.S. 1056 (1986). Plaintiff does not dispute this.

In its opening memorandum in support of its motion to dismiss, the City established that Illinois law does not create a property right to a promotion. United States v. City of Chicago, 869 F.2d 1033, 1036-37 (7th Cir.), cert. denied sub nom. Earth v. City of Chicago, 493 U.S. 855 (1989); Thomas v. Board of Examiners, 866 F.2d 225, 227 (7th Cir. 1988), cert. denied, 490 U.S. 1035 (1989); Bigby, 766 F.2d at 1057. In particular, promotions in the City are discretionary so as to dispel any notion of entitlement to them. United States v. City of Chicago, 869 F.2d at 1036-37, n.4. Plaintiff fails to address, much less refute, this well-established authority.

First, plaintiff claims he suffered a tangible injury when he was not promoted from Safety Specialist III to Safety Director. See Plaintiff's Response Memorandum ("Pltf. Resp."), pp. 5-6. The Seventh Circuit has rejected that argument. The career-service job of a municipal employee is property. Bigby, 766 F.2d at 1056. But a municipal employee does not have a property

interest in a higher position, which it does not yet have.  Id.  Plaintiff was not discharged from his job as a Safety Specialist III.  Thus, he suffered no property deprivation.  Id.

Second, plaintiff claims that because he purportedly was told to perform the duties of a Safety Director that there was a mutually explicit understanding to support an entitlement to that position.  See Pltf. Resp., p. 8-9.  Plaintiff relies on Santella v. Grishaber, 654 F. Supp. 428 (N.D. Ill. 1987) to support that claim.  Plaintiff's reliance is misplaced.  The court in Santella held that the plaintiff's performance of the job for which he sought promotion did not create an entitlement to it.  654 F. Supp. at 432.

Third, plaintiff maintains that since he was the only qualified candidate in certain years he was entitled to the promoted position.  See Pltf. Resp., p. 10.  Aside from the conclusory nature of this allegation, plaintiff points to no rule, ordinance or statute that requires the City to select him, rather than re-open the process to obtain more candidates.  Perry, 408 U.S. at 601.  And Yatvin v. Madison Metropolitan School Dist., 840 F.2d 412 (7th Cir. 1988), which plaintiff cites in support of his argument, contains no such holding or dicta.

Fourth, plaintiff suggests that he had a property interest in the promotional process contained in the Municipal Code.  See Pltf. Resp., p. 5.  He cites no authority for that proposition.  This is not surprising because the Seventh Circuit has rejected the argument that a candidate has a property interest in the promotion process.  Bigby, 766 F.2d at 1056 (selection procedures are not property in a constitutional sense).

Plaintiff has no property right to a promotion.  Accordingly, his due process claim in Count I should be dismissed with prejudice.

B.      **Plaintiff Does Not Have A Liberty Interest.**

The Seventh Circuit has made clear that denials of promotion do not implicate liberty interests.  Thomas, 866 F.2d at 227; Bigby, 766 F.2d at 1057.  Cannon v. City of West Palm Beach, 250 F.3d 1299, 1303 (11th Cir. 2001), which plaintiff cites, reaches the same conclusion.

Plaintiff claims that his liberty interest in his reputation was violated because a notation was allegedly placed in his file falsely indicating that he had no supervisory experience.  See Pltf. Resp., p. 5.  Plaintiff claims this was stigmatizing because it is defamatory.  Id. Plaintiff is incorrect.  In Yatvin v. Madison Metropolitan School Dist., 840 F.2d 412, 417 (7th Cir. 1988), upon which plaintiff relies, the Seventh Circuit found that the plaintiff's claim that she was stigmatized because the defendants stated she was denied the job because she lacked managerial experience so as to deprive her of liberty was frivolous.  The court in Yatvin explained that such statements were "not stigmatizing in the sense of being defamatory or even derogatory."  Id. at 417.

Even if a statement that plaintiff lacked supervisory experience could somehow be stigmatizing, plaintiff does not allege that the City published that statement.  McMath v. City of Gary, 976 F.2d 1026, 1031-32 (7th Cir. 1992).  By contrast, here plaintiff, not the City, brought the application file with the alleged statements to the attention of the Federal Monitor.  See First Amended Complaint, ¶s 45, 48, 49 (Attached to the City's Opening Memorandum as Exhibit A).  Moreover, according to plaintiff, the Federal Monitor reviewed that file and found that plaintiff was "qualified" and "should have been the leading candidate for the position of Safety Director."  Id., ¶s 49, 50.  Thus, plaintiff, by his own admission, was not stigmatized.

Plaintiff's citation to Little v. City of North Miami, 805 F.2d 962 (11th Cir. 1986) is unavailing. First, it is not controlling authority. Second, the plaintiff suffered a censure in that case. Plaintiff in the present case alleges no such punishment.

Plaintiff's allegations do not reach the level necessary to trigger a liberty interest. Therefore, his due process claims in Count I should be dismissed with prejudice.

**C.     Plaintiff Has Failed To Allege That His Purported Injury Was Caused By An Unconstitutional Policy, Practice Or Custom.**

As explained above, plaintiff's due process claims fail because he has no protectible property or liberty interest. His due process claims, brought pursuant to § 1983, are meritless for another important reason. To successfully state a municipal liability claim under § 1983, plaintiff needed to allege that:

> (1) the City had an express policy that, when enforced, causes a constitutional deprivation; (2) the City had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority.

McCormick v. City of Chicago, 230 F.3d 319, 324 (7th Cir. 2000).

Plaintiff does not allege that there was an express unconstitutional policy. Nor does he allege that there was a widespread permanent unconstitutional custom or practice.[1] Instead, plaintiff alleges that Jan Arnold, the former Chief Administrative Officer for the City's

---

[1] Citing Powe v. City of Chicago, 664 F.2d 639 (1981), plaintiff maintains that he does not have to specifically allege that an unconstitutional policy, practice or custom caused his purported injury. See Pltf. Resp., p. 11. The pleading standard in the Seventh Circuit for § 1983 municipality was articulated in McCormick, which rejects the amorphous standard plaintiff would like this Court to use. Powe pre-dates McCormick.

Department of Aviation, is a final policymaker who caused his claimed injury. See First Amended Complaint, ¶s 3, 70. However, Arnold is not a final City policymaker in the employment arena. Under state and local law, only the City Council and the Commissioner of the Department of Human Resources, formerly the Department of Personnel, are employment policy makers. Auriemma v. City of Chicago, 747 F. Supp. 465, 470-73 (N.D. Ill. 1990, aff'd, 957 F.2d 397 (7th Cir. 1992); Limes-Miller v. City of Chicago, 773 F. Supp. 1130, 1135-36 (N.D. Ill. 1991). Plaintiff does not allege that either the City Council or the Commissioner of the Department of Human Resources caused his purported injury.

Because plaintiff has not alleged that a municipal policy, practice or custom caused a violation of his constitutional rights, plaintiff's § 1983 due process claims should be dismissed with prejudice.

### III.   PLAINTIFF'S SHAKMAN CLAIM IS TIME-BARRED

Dismissal of a claim because it is barred by the applicable statute of limitations is appropriate when a plaintiff pleads himself out of court by alleging facts that establish the defense. Limestone Development Corp. v. Village of Lemont, 520 F.3d 797, 802 (7th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199 (2007)); Middleton v. City of Chicago, No. 07 C 4206, Order, p. 1 (N.D. Ill. June 23, 2008) (Holderman, Chief J.) (Attached hereto as Exhibit D). That is precisely what plaintiff has done here.

It is not disputed that the statute of limitations for Shakman claims is 180 days. Smith v. City of Chicago, 769 F.2d 408, 413 (7th Cir. 1985). The statute of limitations begins to run at the time of the injury and is not tolled by subsequent injuries. Limestone Development Corp., 520 F.3d at 801.

Plaintiff alleges that as far back as 2003 employees of the City told him he was not going to be promoted to the position of Safety Director because of political favoritism. See First Amended Complaint, ¶s 26, 99. Plaintiff also alleges that in or about July 2006, his supervisor told him that he would not be promoted to that position because he "did not have the right people behind him to be so employed." Id., ¶s 39, 40. On August 22, 2006, plaintiff contacted the Federal Shakman Decree Monitor and the Office of the Inspector General to complain of political discrimination in his failure to receive the promotion. Id., ¶ 45; Pltf. Resp., pp. 2, 14.[2] Thus, no later than August 2006, plaintiff alleges that he was informed that he would not be promoted to the position of Safety Director due to political reasons. But he did not bring his Shakman claim until March 27, 2008, over a year after the 180-day limitations period had expired.

Plaintiff argues that his claims are not time barred because there was a "continuing violation." See Pltf. Resp., p. 13. The doctrine of continuing violation is not applicable here. That doctrine applies only to claims of hostile work environment, where a series of actions is necessary to establish unlawful conduct. National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 114-15 (2002); Limestone Development Corp., 520 F.3d at 801. It does not apply to claims of allegedly discriminatory failure to promote. Morgan, 536 U.S. at 114.[3]

---

[2] Plaintiff maintains that his failure to be selected for promotion in 2007 resulted from his files being marked in 2006 to indicate that he did not have supervisory experience. See Pltf. Resp., pp. 13-14. Plaintiff claims he found out that his file was so marked on August 28, 2006 during a telephone call with a representative of the Federal Shakman Monitor. See First Amended Complaint, ¶s 48, 49.

[3] The case upon which plaintiff relies to make his continuing violation argument, Galloway v. General Motors Service Parts Operations, 78 F.3d 1164 (7th Cir. 1996), concerns a claim of a sexually harassing work environment. See Pltf. Resp., p. 13.

7

Next, plaintiff argues that equitable tolling permits him to avoid the bar of the statute of limitations. See Pltf. Resp., p. 14. Equitable tolling can be invoked only if the plaintiff is unable to obtain necessary information to allow him to file suit. Cada v. Baxter Healthcare Corp., 920 F.2d 446, 451 (7th Cir. 1990), cert. denied, 501 U.S. 1261 (1991). That is not the case here. Plaintiff alleges that by August 2006, if not sooner, he had information that he would not be promoted due to politics. See First Amended Complaint, ¶s 26, 35, 39, 40, 45, 48, 49, 50, 99.[4]

Finally, plaintiff suggests that his delay in filing suit should be excused because he was waiting for the Shakman Monitor and the Office of the Inspector General "to ascertain how his rights were being affected." See Pltf. Resp., pp. 14-15. Plaintiff cites no authority for this proposition and the City has found none. Plaintiff maintains that his claims are not time-barred if he filed suit within 180 days of supposedly learning that the Shakman Monitor was under the false belief that plaintiff had been selected for the Safety Director position. Pltf. Resp., pp. 14-15. Again, plaintiff provides no authority for this proposition and the City has found none.

Because plaintiff did not file suit within 180 days of allegedly learning that he would not be promoted as a result of political considerations, his Shakman claim in Count II should be dismissed with prejudice.

---

[4] Plaintiff maintains that whether he was aware of the possible political nature of his failure to be promoted is a fact question. See Pltf. Resp., p. 13. That argument is disingenuous. Plaintiff's pleading is replete with allegations that City employees told him multiple times over a period of years that he would not be promoted because he did not have political backing. See, e.g., First Amended Complaint, ¶ 99.

8

### III. BECAUSE THE CITY WAS NOT COVERED BY THE WHISTLEBLOWER ACT AT THE TIME OF THE CHALLENGED CONDUCT, COUNT III SHOULD BE DISMISSED

It is undisputed that at the time of the alleged conduct challenged in this lawsuit and at the time plaintiff filed his original complaint in December 2007, government entities, including the City, were not covered by the Illinois Whistle-blower Act ("the Act").  740 ILCS 174/5 (2007).[5]  Plaintiff now contends that because the Act has since been amended to cover government entities, his claim under the Act should not be dismissed.  See Pltf. Resp., p. 15.  Plaintiff provides no authority for that contention.

If a statute contains an effective date, that is the date upon which it applies and not before. Foster Wheeler Energy Corp. v. LSP Equipment, LLC, 346 Ill. App. 3d 753, 758 (2d Dist. 2004) (Attached hereto as Exhibit E) (citing Landgraf v. USI Film Products, 511 U.S. 244, 280 (1994)).  The effective date of the amendment to the Act including government entities within its coverage is January 1, 2008.  See 740 ILCS 174/5.  Therefore, the Act cannot be applied to government entities retroactively to challenge actions that occurred before January 1, 2008. Foster Wheeler Energy, 346 Ill. App. 3d at 758.  None of the actions plaintiff contests in the present lawsuit occurred on or after January 1, 2008.  See First Amended Complaint. Accordingly, the Act does not apply to the City's alleged conduct and Count II should be dismissed.

The January 1, 2008 effective date of the amendment ends the inquiry.  Foster Wheeler Energy, 346 Ill. App. 3d at 758.  But even if there were no effective date, the amendment still could not be retroactively applied to create liability here.  By statute, retroactive application of

---

[5]The Whistleblower Act claim was included in plaintiff's original complaint.

amendments that create substantive, rather than procedural, changes is forbidden. Id. at 758-59 (citing 5 ILCS 70/4 (2000)). Because the amendments to the Act create liability for government entities where there was none in the past, the amendment is substantive and cannot be applied retroactively. 5 ILCS 70/4.

The City is excluded from coverage as an employer within the meaning of the Whistleblower Act. Accordingly, Count III should be dismissed with prejudice.

## CONCLUSION

Plaintiff fails to state a § 1983 due process claim because (1) he has no protectible property or liberty interest in a promotion or his reputation; and (2) he has not alleged that his purported injury was the result of an unconstitutional municipal policy, practice or custom. Plaintiff's Shakman claim is time-barred by the 180-day statute of limitations because he filed that claim more than six months after he admittedly had information that he allegedly would not be promoted for political reasons. Plaintiff cannot state a cause of action against the City under the Whistleblower Act because government entities were expressly excluded from coverage at the time of the contested conduct. Accordingly, plaintiff's First Amended Complaint should be dismissed with prejudice.

        Respectfully submitted,

        MARA S. GEORGES
        Corporation Counsel of the
        City of Chicago

By:   /s Jay M. Kertez
       JAY M. KERTEZ
       Senior Counsel
       MEERA WERTH
       Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, IL 60602
(312) 744-9212/742-7035

**CERTIFICATE OF SERVICE**

      I hereby certify that I have caused to have a true and correct copy of the foregoing Notice of Filing and Reply Memorandum in Further Support of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint to be electronically mailed to the attorneys named in the foregoing notice on this 21st day of July 2008.

                                                             s/Jay M. Kertez
                                                             JAY M. KERTEZ
                                                             Senior Counsel