Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 4206 | **DATE** | 6/23/2008 |
| **CASE TITLE** | Middleton vs. City of Chicago | | |

### DOCKET ENTRY TEXT

Defendant City of Chicago's Motion to Dismiss Fourth Amended Complaint [50] is granted. Plaintiff's claim is dismissed with prejudice. Civil case terminated.

■ [ For further details see text below.]

Notices mailed.

### STATEMENT

    On April 21, 2008, plaintiff Charles Carlos Middleton, Sr. ("Middleton") filed his Fourth Amended Complaint against defendant City of Chicago ("the City"), alleging that the City willfully violated the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301, *et seq.* ("USERRA"), when it failed to employ Middleton for certain jobs due to his military service.

    In its Motion to Dismiss Fourth Amended Complaint, (Dkt. No. 50), the City argues that Middleton's claims are barred by the applicable statute of limitations. Specifically, the City argues that the four-year federal statute of limitations set forth in 28 U.S.C. § 1658(a) is applicable to claims arising under the USERRA. For the reasons stated below, the court agrees that § 1658(a)'s four-year statute of limitations bars Middleton's USERRA claim and accordingly grants the City's motion to dismiss.

    Generally, "[c]omplaints need not anticipate or attempt to defuse potential defenses." *Doe v. Smith*, 429 F.3d 706, 709 (7th Cir. 2005). However, a plaintiff can plead himself out of court if the complaint includes facts that demonstrate relief is barred by the applicable statute of limitations. *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 802 (7th Cir. 2008). In such a case, the complaint is subject to dismissal for failure to state a claim. *Id.*

    In his Fourth Amended Complaint, Middleton alleges that he submitted applications to the City for the positions of Labor Relations Specialist II and Senior Compliance Officer in July 1993, and was put on the City's eligibility list for these positions on November 9, 1993. (4th Am. Compl. ¶¶ 11-12.) Although Middleton was eligible for these positions through November 1994, his interviews in April 1994 and October 1994 did not lead to employment with the City. (*Id.* ¶¶ 13-14.) Middleton alleges that the City willfully failed to employ him for these positions due to his military service. (*Id.* ¶¶ 15-16.) Middleton includes no allegations in his Fourth Amended Complaint of any events that occurred after November 1994, and does not argue that his claim accrued at any time after this date. Middleton's original Complaint in this case was filed on July 26, 2007.

EXHIBIT D

Case 1:07-cv-04206   Document 58   Filed 06/23/2008   Page 2 of 3

## STATEMENT

Section 1658(a) states, "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." 28 U.S.C. § 1658(a). Section 1658(a) was enacted on December 1, 1990. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 372 (2004). Because USERRA was enacted in 1994, it would appear that all USERRA claims are clearly subject to § 1658(a)'s four-year statute of limitations.

Noting that USERRA was enacted to "clarify, simplify, and, where necessary, strengthen the existing veterans' employment and reemployment rights provisions" of the Veterans' Reemployment Rights Act of 1974 ("VRRA"), (Dkt. No. 54 at 4) (quoting H.R. Rep. No. 103-65(1), at 18 (1993)), Middleton argues that "USERRA does not establish a new cause of action; instead it amends the preexisting law of VRRA." (Dkt. No. 54 at 4.)

In *Jones*, the Supreme Court clarified that § 1658(a)'s four-year statute of limitations will apply "if the plaintiff's claim against the defendant was made possible by a post-1990 enactment," even if the congressional act creating the right was an amendment to a preexisting law. *Jones*, 541 U.S. at 382. Rejecting the argument that § 1658(a) is limited to entirely new sections of the United States Code, the Court noted "[w]hat matters is the substantive effect of an enactment—the creation of new rights of action and corresponding liabilities—not the format in which it appears in the Code." *Id.* at 381.

In *Nino v. Haynes Intern., Inc.*, the district court held that § 1658(a)'s four-year statute of limitations applied to the plaintiff's USERRA claim because USERRA created new rights and liabilities that did not exist under the VRRA, in the form of liquidated damages and the corresponding right to a jury trial. *Nino v. Haynes Int'l, Inc.*, No. 1:05-cv-0602-JDT-TAB, 2005 WL 4889258, at *4 (S.D. Ind. Aug. 19, 2005); 38 U.S.C. § 4323(d)(1)(C) (liquidated damages available if the employer's failure to comply with USERRA was willful). This change "transformed what was historically a claim for equitable relief into a claim for legal relief." *Id.*; *see also Aull v. McKeon-Grano Assocs., Inc.*, Civil Action No. 06-2752 (HAA), 2007 WL 655484, at *4 (D.N.J. Feb. 26, 2007) (concluding "as a general matter, § 1658(a)'s four-year statute of limitations applies to claims brought under USERRA"); *O'Neil v. Putnam Retail Mgmt., LLP*, 407 F. Supp. 2d 310, 316 (D. Mass. 2005) (finding USERRA created expanded right to relief where military service was a "motivating factor" for defendant's actions and holding that § 1658(a)'s statute of limitations is applicable to such claims). *But see Rogers v. City of San Antonio*, 392 F.3d 758, 772 n.36 (5th Cir. 2004) (noting a proposed regulation stating "The Department [of Labor] has long taken the position that no Federal statute of limitations applied to actions under USERRA").

Middleton directs the court to only one post-*Jones* opinion holding that USERRA includes no statute of limitations. However, the court in *McLain v. City of Somerville*, 424 F. Supp. 2d 329 (D. Mass. 2006), did not consider whether § 1658(a) applies to claims arising under USERRA and is therefore unpersuasive on this point. Middleton is correct that USERRA itself states, that "[n]o *State* statute of limitations shall apply to any proceeding under this chapter." 38 U.S.C. § 4323(i) (emphasis added). However, as noted in *Nino*, "it neglects to address the possibility of an applicable federal statute of limitations," such as § 1658(a)'s catch-all provision, which was well established at the time USERRA was enacted. *Nino*, 2005 WL 4889258, at *2.

Finally, Middleton cites legislative history stating "the Committee reaffirms, as we made clear in the 1974 [VRRA] legislative history, 'that the time spent by the government agencies charged with the administration and enfocement of this Act in investigation, negotiation, and preparation for suit shall [not] be charged against the veteran in any considerations of time-barred defenses,' *i.e.* laches." H.R. Rep. No. 103-65, [at 39] (1993) (citing S. Rep. No. 93-907, at 111-12 (1974)). Middleton contends that he was "working

| STATEMENT |
|---|

with the governmental agencies in the investigation of his claims in efforts at resolution and preparation for suit . . . until on or about September 2003," and that § 1658(a)'s four-year statute of limitations therefore does not bar his claim. (Dkt. No. 54 at 6.) Because the factual basis for this argument is underdeveloped and the court is hesitant to glean legislative intent from congressional reports, *see Nino*, 2005 WL 4889258, at *5 n.4, the court declines to find Middleton's USERRA claim to be timely on this basis. As a general matter, equitable tolling requires "extraordinary circumstances outside of the [plaintiff's] control." *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004). Middleton does not suggest that such circumstances explain the lengthy delay in filing his complaint in this case.

This court agrees with the well reasoned opinion in *Nino*, and finds that Middleton's USERRA claim is barred by § 1658(a)'s four-year statute of limitations. The City's motion to dismiss is therefore granted and Middleton's claim is dismissed with prejudice.